**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No. 19-40092

United States Court of Appeals
Fifth Circuit

**FILED**
May 4, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

VICTOR HUGO GONZALEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:16-CV-324
USDC No. 5:15-CR-852-1

Before DENNIS, ELROD, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

Victor Hugo Gonzalez, federal prisoner # 66219-279, pleaded guilty to possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a) and § 841(b)(1)(A) and was sentenced to 188 months of imprisonment and five years of supervised release. He moves for a certificate of appealability (COA) to appeal the denial of his 28 U.S.C. § 2255 motion. Gonzalez argues

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-40092

that his attorney was ineffective for failing to object to the drug quantity used to calculate his sentence.

To obtain a COA, a movant must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a district court has denied claims on the merits, a movant must show "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Gonzalez has not met this standard with respect to his ineffective assistance claim and has therefore not shown an entitlement to a COA.

We construe his motion for a COA with respect to the district court's denial of an evidentiary hearing as a direct appeal of that issue. *See Norman v. Stephens*, 817 F.3d 226, 234 (5th Cir. 2016). Gonzalez did not file a motion or make a request for an evidentiary hearing in his § 2255 proceedings in the district court, nor did he complain of the lack of a hearing. Because Gonzalez's argument concerning the lack of an evidentiary hearing in his § 2255 proceeding is raised for the first time on appeal, we will not consider it. *United States v. Scruggs*, 691 F.3d 660, 666 (5th Cir. 2012). Gonzalez's motion for leave to proceed in forma pauperis (IFP) on appeal is denied.

COA DENIED; AFFIRMED; IFP DENIED.